IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-96-BO

| | | |
|---|---|---|
| DAVID JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ANDREW SAUL, | ) | |
| *Commissioner of Social Security*,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 18, 20]. A hearing was held on these matters before the undersigned on May 29, 2020, at Raleigh, North Carolina.[2] For the reasons discussed below, plaintiff's motion for judgment on the pleadings is granted and defendant's motion is denied.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner issuing a partially favorable decision on his application for disability and disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed an application for benefits on July 31, 2013, and alleged a disability onset date of December 1, 2011. After initial denials, an Administrative Law Judge (ALJ) held a hearing on June 8, 2015. The ALJ found that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).
[2] Counsel for the Commissioner appeared via videoconference.

This Court remanded the case to the Commissioner further proceedings consistent with its opinion. *Jones v. Colvin*, No. 4:15-CV-165-BO (E.D.N.C. Jan. 20, 2017). After a second hearing as well as a supplemental hearing, an ALJ issued a partially favorable decision on February 4, 2019. Plaintiff exercised his right to direct review and filed this action on July 1, 2019.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff met the insured status requirements through March 31, 2014, and had not engaged in substantial gainful activity since his alleged onset date, the ALJ found that plaintiff had several severe impairments, specifically bilateral osteoarthritis of the knees; diabetes mellitus; diabetic peripheral neuropathy; essential hypertension; obesity; arthralgias resulting in complaints of pain in the back, neck, hands, and wrists; major depressive

disorder; and an anxiety disorder. The ALJ concluded that none of these severe impairments, either alone or in combination, met or medically equaled the severity of a Listing. The ALJ found that plaintiff could perform a significantly reduced range of sedentary work, with both exertional and nonexertional limitations. The ALJ found plaintiff could not perform his past relevant work, and at step five determined that prior to August 22, 2018, jobs existed in the national economy that plaintiff could perform, including addresser, document preparer, and surveillance systems monitor. However, the ALJ found that, beginning on August 22, 2018, plaintiff's age category changed and he was determined to be disabled pursuant to application of Medical-Vocational Rule 201.14 as of that date. The ALJ thus issued a partially favorable decision.

As this Court previously held in plaintiff's prior appeal, when evaluating a claimant's subjective complaints of pain, the ALJ is not to require objective clinical evidence of the existence and intensity of such pain. Instead, once a claimant has "met [his] threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed," the claimant is then "entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that [his] pain is so continuous and/or so severe as to prevent [him] from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). Indeed, "[b]ecause pain is not readily susceptible of objective proof . . . the absence of objective medical evidence of the intensity, severity, degree or functional effect of pain is not determinative." *Hines*, 453 F.3d at 564–65 (emphasis omitted).

The ALJ again discounted plaintiff's complaints of pain resulting from his severe joint degeneration in his knee as well as his diabetic neuropathy which caused numbness in his hands and feet. The ALJ relied on gaps in treatment records and the lack of an MRI test to conclude

4

that plaintiff's subjective complaints were not fully supported by the record, despite the fact that counsel had argued that plaintiff had difficulty getting medical treatment due to his lack of medical insurance and funds. A "claimant may not be penalized for failing to seek treatment []he cannot afford." *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986). The ALJ also again discounted the opinion of plaintiff's treating nurse practitioner, Ms. Hathaway, finding that the examinations she performed, as well as her failure to refer plaintiff for additional nerve conduction and imaging studies, were wholly insufficient to support her opinion as to the extent of plaintiff's limitations. Regarding the failure to send plaintiff for further imaging and studies, the Court notes again that the record supports that plaintiff sought care in low-cost clinics and emergency departments due to his lack of insurance and funds. Moreover, the record plainly supports the presence of bilateral knee pain as well as a history of surgery on both knees. *See* Tr. 352-354; 369; 380.

Plaintiff testified that he had to change positions after sitting for more than ten or fifteen minutes in church and that he had difficulty standing for long enough to do the dishes. Ms. Hathaway opined that plaintiff's pain would prevent him from standing and walking for two or more hours in a work day. Both of these opinions are supported by the documented history of plaintiff's knee problems, including a diagnosis of advanced osteoarthritis in the lateral compartment of the left knee. Tr. 380. The opinions are further not inconsistent with the remaining record, which, although it includes some findings of normal gate and range of motion, do not otherwise contradict plaintiff's allegations of pain and discomfort.

A finding that a claimant can perform less than a full range of sedentary work "reflects very serious limitations . . . and is expected to be relatively rare." SSR 96-9p. Here, the ALJ included thirteen types of limitations in the sedentary RFC finding. The VE testified at the

5

hearing that application of either of the above additional limitations – the need to change positions more than every thirty minutes or the inability to stand or walk for two hours in an eight-hour workday – would preclude competitive work. Tr. 531.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required, however, when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

Plaintiff's claim has gone before an ALJ for two hearings and one supplemental hearing, and the decision of the ALJ has been remanded once before. As it is clear from the record that plaintiff's entitlement to benefits is wholly established, there is nothing to be gained by remanding this matter for another ALJ decision. The Court in its discretion finds that reversal for an award of benefits rather than remand for further consideration is appropriate in this instance.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is not supported by substantial evidence and that reversal for a full award of benefits is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 18] is GRANTED and defendant's motion [DE 20] is DENIED. The decision of the Commissioner is REVERSED and this matter is REMANDED for an award of benefits consistent with the foregoing.

SO ORDERED, this __17__ day of June, 2020.

*(signature)*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE